IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| DR. STEVEN WALKER, individually and as Personal Representative of the Estate of Diane Mawson Walker a/k/a Olga Diane Mawson Walker and Trustee of the Diane M. Walker and Ronald R. Walker Revocable Family Trust dated May 27, 2009, as amended and restated November 12, 2024,<br><br>Plaintiff,<br><br>v.<br><br>MARLENE CARNEY, individually and as Successor Trustee of the MADIAL 1980 Trust,<br><br>Defendant. | Case No. 3:25-cv-0031 |

## ORDER

**BEFORE THE COURT** is Plaintiff Dr. Steven Walker's Urgent Motion for Immediate Entry of a Temporary Restraining Order to Freeze All Assets of the MADIAL 1980 Trust (motion or Mot.) (ECF No. 12), filed October 16, 2025. After receiving an extension of time, on November 16, 2025, Defendant filed a response in opposition to the motion, *see* ECF No. 28, and Plaintiff filed a reply thereto on December 5, 2025. *See* ECF No. 35.[1]

Plaintiff alleges that he, "individually and as Trustee of the Walker Trust, is a beneficiary of the MADIAL 1980 Trust." Mot. at 2. He also alleges that Defendant, Marlene Carney, as Successor Trustee of the MADIAL 1980 Trust, "refused to comply with her obligation to provide him with an accounting of the assets of the MADIAL 1980 Trust" and refused "to answer questions about her decision to disburse $750,000 from the Trust to herself and Alana Mawson, all without prior notice and in violation with the express terms of the Trust." *Id*. Further, Plaintiff asserts that Defendant has a "plan to fraudulently transfer

---

[1] Defendant then requested leave to file a sur-reply, *see* Defendant's Motion for Leave to File Sur-Reply, or, in the alternative, to Strike or Disregard (ECF No. 51), which the Court will deny.

control over the Trust's assets outside of the USVI, by purporting to place the Trust under the control of an unregistered, unlicensed foreign company created in the British Virgin Islands." *Id*. As explained in the title of the motion, Plaintiff seeks an order freezing all assets of the MADIAL 1980 Trust.

It is well established that a motion for temporary restraining order should be granted only if the plaintiff establishes the following: "(1) a likelihood of 'success on the merits,' (2) a likelihood that the moving party will "suffer irreparable harm,' (3) that the 'balance of equities' weighs in the moving party's favor, and (4) that injunctive relief is in 'the public interest.'" *Osorio-Martinez v. Att'y Gen.*, 893 F.3d 153, 178 (3d Cir. 2018) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).[2] Because the Court is not persuaded that Plaintiff has demonstrated irreparable harm, the Court will not address the other factors.[3]

As the Third Circuit Court of Appeals has declared: "In general, to show irreparable harm a plaintiff must 'demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial.'" *Acierno v. New Castle County*, 40 F.3d 645, 653 (quoting *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989)). The *Acierno* court continues: "Economic loss does not constitute irreparable harm: 'It seems clear that the temporary loss of income, ultimately to be recovered, does not usually constitute irreparable injury . . . .'" *Id*. (quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1974). Thus, usually "economic injuries alone cannot be a sufficient basis for a court to issue a TRO, because they are by their very nature, remunerable. . . . Only in such instances where a harm occurs for which "money cannot atone," may a court find irreparable harm**.**" *Birsingh*, 2026 U.S. Dist. LEXIS 17183, at *5-6 (citing *Frank's GMC Truck Ctr. v. Gen. Motors Corp.*, 847 F.2d 100, 102 (3d Cir. 1988) and quoting *Acierno*, 40 F.3d at 653 (quoting *A. O. Smith Corp. v. FTC*, 530 F.2d

---

[2] Although the *Osorio-Martinez* court articulates the standard for granting a preliminary injunction, the "standard for issuing a temporary restraining order and a preliminary injunction is the same." *Keene v. Cheeks*, Civ. No. 25-7375 (SDW) (LDW), 2026 U.S. Dist. LEXIS 13949, at *8 (D.N.J. Jan. 26, 2026) (citing *Mirashi v. Doe*, No. 25-1805, 2025 U.S. Dist. LEXIS 54141, 2025 WL 893003, at *3 (D.N.J. Mar. 21, 2025) (*citing Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017))).

[3] "A plaintiff must satisfy all four factors to succeed in moving for a TRO." *Birsingh*, 2026 U.S. Dist. LEXIS 17183 at *6 (citing *Nutrasweet Co. v. Vit-Mar Enters. Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) ("A plaintiff's failure to establish any element in its favor renders a preliminary injunction inappropriate.")).

515, 525 (3d Cir. 1976))); *see also Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 91-92 (3d Cir. 1992) ("A plaintiff has the burden of proving a 'clear showing of immediate irreparable injury.' The 'requisite feared injury or harm must be irreparable--not merely serious or substantial,' and it 'must be of a peculiar nature, so that compensation in money cannot atone for it.'" (quoting *ECRI v. McGraw-Hill, Inc.,* 809 F.2d 223, 226 (3d Cir. 1987) (citations omitted))).

In the matter at bar, Plaintiff alleges that Defendant has breached her fiduciary duties as Successor Trustee of the MADIAL 1980 Trust. This allegation is based upon Defendant's disbursement of $750,000 from the Trust and purported plans to transfer control of the Trust to a British Virgin Islands entity. The remedy sought is the freezing of the Trust assets. The Court construes the harm alleged by Plaintiff as solely an economic injury, namely disbursement or depletion of trust assets. Applying the standard applicable in this judicial circuit, the Court finds that Plaintiff has failed to demonstrate immediate and irreparable injury absent the entry of a restraining order. Consequently, the request for a temporary restraining order will be denied.

Accordingly, it is hereby

**ORDERED** that Defendant's Motion for Leave to File Sur-Reply, or, in the alternative, to Strike or Disregard, ECF No. 51, is **DENIED**; it is further

**ORDERED** that Plaintiff Dr. Steven Walker's Urgent Motion for Immediate Entry of a Temporary Restraining Order to Freeze All Assets of the MADIAL 1980 Trust, ECF No. 12, is **DENIED.**

**Dated**: February 25, 2026          /s/ *Robert A. Molloy*
                                      **ROBERT A. MOLLOY**
                                      **Chief Judge**